### EBENEZER DUFF *v.* SAMUEL McELVENEY.

**Appeal—Reversal—Fraud or Mistake.**

Where by fraud or mistake the consideration expressed in a deed is much less than the purchaser is bound to pay, a judgment compelling the purchaser to accept the deed will be reversed.

**Judicial Sales—What Property Passes.**

Where an amended pleading asks for the sale of land omitted from the boundary by mistake and the judgment directs the land to be sold, title to the whole tract passed to the purchaser.

APPEAL FROM LEWIS CIRCUIT COURT.

December 14, 1872.

OPINION BY JUDGE PRYOR:

The amended pleading filed by the appellee fails to allege either fraud or mistake in reducing the contract evidencing the sale of the land to writing. The bond is for fifty acres of land described by specified metes and bounds and this alone is subject to the vendor's lien. The failure of the appellant to answer either the original or amended pleading would not have authorized a payment by default including the twelve acers of land not embraced by the boundary. This twelve acres was the most valuable portion of the whole tract, and if sold, some reason must be alleged for failing to include it in the bond for title. The appellant was also entitled to a general warranty deed from the heirs of Gully to the extent of assets discovered before judgment against him requiring a payment of the purchase money. Riley, who was the vendor of Gully, and in whom was vested the legal title at Gully's death, does not by the execution of his deed directly to the appellant for the land, satisfy the claim that the latter has upon Gully's heirs for a warranty of title. The consideration expressed in the deed from Riley to the appellant is only $12.50, whilst the consideration paid and to be paid by the appellant is two hundred and twenty-five dollars; nevertheless the court requires the appellant to accept Riley's deed, and if he should be evicted or lose his land by a superior title the measure of damages would be twelve dollars and fifty cents when he has paid or is required to pay greatly more for it. There is nothing in the record showing that Thomas, the purchaser of the land, is the same person who was the attorney of the appellee. The brief of counsel so states, but the record does not show this fact, and if he is, the remedy for setting aside the sale is by an amended pleading. He is no party to this appeal, and the sale having been confirmed, he is vested with the title. The appellee, having by the amended pleading asked the sale of the twelve acres, as well as the fifty, and the judgment directing all to be sold, the title to the whole passed to the purchaser, admitting that the judgment is erroneous.

The judgment is *reversed* and the cause remanded for further proceedings consistent with this opinion.

*Phister, for appellant.*

*Thomas, for appellee.*